### In re CONEY ISLAND LUMBER CO.

(District Court, E. D. New York.   August 29, 1912.)

BANKRUPTCY (§ 482*)—ADMINISTRATION OF ESTATE—ATTORNEYS FOR PETITIONING CREDITORS—ALLOWANCE.

Bankr. Act July 1, 1898, c. 541, § 64b, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), providing that one allowance shall be made to the attorneys for petitioning creditors for professional services actually rendered, irrespective of the number of attorneys employed, means that one allowance, based on actual value, may be made for all services rendered under the statute to the parties whose rights are embodied and depend on the application of the petitioning creditors, so that, if more than one attorney or set of attorneys render such services, there must be a division of the fee, rather than a duplication or multiplication thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

In the matter of bankruptcy proceedings against the Coney Island Lumber Company.   On application for an allowance to counsel for the petitioning and intervening creditors.

Williams, Folsom & Strouse, for petitioning creditors.
Conway, Williams & Kelly, for intervening creditors.

CHATFIELD, District Judge.   The petitioning creditors have applied for an allowance.   Creditors, subsequently intervening, have objected to the giving of the entire allowance for services rendered on behalf of "the petitioning creditors" to the attorneys who filed the petition.   The attorneys for these intervening creditors thereupon applied for an allowance to themselves, and questioned the amount first allowed by the special commissioner as unnecessarily large.

A number of questions have arisen, and the matter has been referred back to the special commissioner twice, in order that he might hear the various parties interested and report upon the matters as a whole, with the result that his first allowance to the attorneys for the petitioning creditors of $350 was reduced to $275, after due consideration, but without hearing the parties, and then further re-

duced to $175, upon consideration of the size of the estate. The allowance to the intervening creditors was first fixed at $150, and subsequently, and in contemplation of the size of the estate, reduced to $100. The attorneys for the petitioning creditors have filed exceptions to this report. They contend that no benefit accrued by reason of the services of the intervening creditors, that the special commissioner did not make his report conform to the exact order of reference, that he has made his allowance different in amount than his statement in open court, that no notice was ever given of the hearing upon the application by intervening creditors and no hearing actually held, and, finally, that the court has no jurisdiction to grant an allowance to the intervening creditors in any event.

It is apparent that the special commissioner has finally accomplished, by the means of several hearings and reports, what the court intended in the first place, namely, that the various parties interested should be heard, and that their claims should be considered in the light of each other and of the size of the estate. His last report can be used for the guidance of the court, and no irregularity, which is now of consequence, has resulted from his method of procedure.

The statute provides that one allowance shall be made to the attorneys for petitioning creditors (section 64b) for "the professional services actually rendered, irrespective of the number of attorneys employed." This court has frequently ruled (and it has been so construed generally) this provision to mean that but one allowance, based upon actual value, can be made for all services rendered, under the authority of the statute, to the parties whose rights are embodied in and depend upon the application of the petitioning creditors. If more than one attorney or set of attorneys render these services, there shall be a division of the fee, rather than duplication or multiplication. Hence, if one set of attorneys act for the petitioning creditors and are succeeded by others, or if the court sees fit or deems it necessary to allow some of the services on behalf of the petitioning creditors to be rendered by other attorneys, this will result in a division of the allowance, and not increase its amount. The provisions of the law must be complied with and the estate protected, and the statute is clearly broad enough to justify the court in protecting the estate, and in not allowing maladministration, through willful neglect, or through unintentional failure on the part of one set of attorneys to do what is necessary.

The services "to petitioning creditors" are prior in time to the election of a trustee. They are for the benefit of the estate, in the same way in which the services of the trustee and his attorneys are for the benefit of the creditors generally; and no attorney should be allowed to receive compensation for work not done by him, but by some one else in his place, under a too strict interpretation of the statute; nor should the amount of the allowance be increased to satisfy all the parties at the expense of the estate.

The first report was brought to the court's attention at a time when a motion, participated in by the trustee, indicated that the work of the various sets of attorneys had produced little result and that there was but a small estate in bankruptcy. The fact that the

attorneys for the intervening creditors had appeared before the court, in connection with the examination of witnesses, caused the court to investigate as to how many sets of attorneys had participated, and a review of the petitions for allowance would indicate that the services rendered by none of the attorneys were difficult or great in amount.

The allowances by the special commissioner are much larger than this court has been in the custom of granting. A total of $200 for all the services rendered to the petitioning creditors, irrespective of the number of attorneys employed in that work, would be all that the court could allow. Of this allowance it would seem that $150 to the attorneys filing the petition, and $50 to the attorneys appearing for the intervening creditors and conducting the examinations, would be proper in amount, and the allowance will be fixed at that sum, with disbursements as approved by the commissioner.